# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

CAROLYN R. JOHNSON AND                    CIVIL ACTION NO. 09-MC-00039
TIMOTHY R. JOHNSON

VERSUS                                    JUDGE S. MAURICE HICKS, JR.

CITY OF RUSTON UTILITY
MUNICIPAL COMPLEX AND
THE RUSTON CITY POLICE

---

CAROLYN R. JOHNSON AND                    CIVIL ACTION NO. 09-MC-00039
TIMOTHY R. JOHNSON

VERSUS                                    JUDGE S. MAURICE HICKS, JR.

HUMANITARIAN ENTERPRISE
OF LINCOLN PARISH CAA AND
MR. W. WRIGHT, A COMMUNITY
ACTION BOARD MEMBER

---

CAROLYN R. JOHNSON AND                    CIVIL ACTION NO. 09-MC-00039
TIMOTHY R. JOHNSON

VERSUS                                    JUDGE S. MAURICE HICKS, JR.

RUSTON CITY POLICE DEPARTMENT
AND DETECTIVE INVESTIGATORS

---

## MEMORANDUM ORDER

On March 9, 2007, the undersigned sanctioned Carolyn Johnson ("Johnson"),

specifically stating:

> [T]he Clerk of Court shall decline to file any civil complaint submitted by
> Carolyn Johnson unless the complaint [and any accompanying motion to
> proceed *in forma pauperis*] has been presented first to a district judge of this
> court and the judge has specifically authorized in writing that the complaint
> may be filed.

Johnson v. Larry Graves, et al., Civil Action No. 07-221 at Record Document 7.  The

sanction was structured to protect the resources of the judiciary and the public without unduly burdening Johnson's ability to access the courts if she has a good faith complaint worthy of the expenditure of resources.  See id. at Record Document 5.

Now before the Court are three new civil complaints, and accompanying motions to proceed in forma pauperis and for appointment of counsel, filed by Johnson:  Carolyn R. Johnson and Timothy R. Johnson v. City of Ruston Utility Municipal Complex and the Ruston City Police; Carolyn R. Johnson and Timothy R. Johnson v. The City of Ruston Utilities Municipality, Inc. and Ruston City Police; Carolyn R. Johnson and Timothy R. Johnson v. Ruston City Police Department and Detective Investigators.  The Court will consider each of the complaints individually.

## Carolyn R. Johnson and Timothy R. Johnson v. City of Ruston Utility Municipal Complex and the Ruston City Police

The Federal Rules of Civil Procedure require that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends.  See F.R.C.P. 8(a).  The instant "complaint" lacks such a statement.

Generally, federal subject matter jurisdiction is conferred via federal question or diversity.  See 28 U.S.C. §§ 1331 & 1332.  The substance of the instant complaint, which seeks $10 million in damages based on alleged racial prejudice by the Ruston Police and the alleged improper arrest of Timothy Johnson in relation to a utility bill, appears to invoke federal question subject matter jurisdiction.  The Court also observes that Johnson indicated on the Civil Cover Sheet that the basis for jurisdiction was federal question.

In the past, Johnson has purported to represent her son, Timothy Johnson, in cases, but because she is not an attorney admitted to this court she may represent herself only.  Attempting to represent others is the unauthorized practice of law.

Here, the Court finds that the instant complaint fails to plead a viable federal claim under Federal Rule of Civil Procedure 12(b)(6).  A review of the complaint reveals that Johnson has not pleaded an actionable claim on behalf of herself, the only person she is legally permitted to represent.  The allegations in the complaint relate to her son's utility bill and the alleged improper arrest/harassment he suffered at the hands of the Ruston Police Department.  Timothy Johnson is neither a signatory to the complaint nor is he represented by an admitted attorney.

**Carolyn R. Johnson and Timothy R. Johnson v. Humanitarian Enterprise of Lincoln Parish CAA and Mr. W. Wright, a Community Action Board Member**

Again, Johnson's complaint must contain a short and plain statement of the grounds upon which the court's jurisdiction depends.  See F.R.C.P. 8(a). This complaint lacks such a statement.  Federal subject matter jurisdiction in this matter must be conferred via federal question or diversity.  See 28 U.S.C. §§ 1331 & 1332.  In this complaint, Johnson appears to seek $20 million in damages based on the defendants' failure to assist her with paying her utility bill.  There is no allegation that the parties are diverse.  Further, the undersigned does not discern a federal question on the face of Johnson's complaint.  See Arbaugh v. Y & H Corporation, 546 U.S. 500, 126 S.Ct. 1235 (2006) (stating that federal question jurisdiction is properly invoked when plaintiff pleads a colorable claim "arising under" the Constitution or laws of the United States).  There is simply no plausible foundation for a federal claim in Johnson's complaint.

**Carolyn R. Johnson and Timothy R. Johnson v. Ruston City Police Department and Detective Investigators**

In this complaint, Johnson seeks $20 million in damages and complains of the Ruston Police Department's harassment and terrorism of black citizens, namely her handicapped son.  While the complaint contains no short and plain statement of the

grounds upon which the court's jurisdiction depends, it appears that Johnson is invoking federal question subject matter jurisdiction.

However, once again, the Court finds that the instant complaint fails to plead a viable federal claim under Federal Rule of Civil Procedure 12(b)(6).  Johnson has not pleaded an actionable claim on behalf of herself, the only person she is legally permitted to represent.  The allegations in the complaint relate to the arrest of her handicapped son.  The Court must presume that her handicapped son is Timothy Johnson, who is neither a signatory to the complaint nor is he represented by an admitted attorney.

The Court finds that Johnson's three civil complaints are frivolous and were not filed in good faith.  Accordingly, the Court refuses to grant permission for Johnson to file the aforementioned complaints.  The accompanying motions to proceed *in forma pauperis* and for appointment of counsel are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 30th day of October, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE